IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No.: 1:23cv290

| | |
|---|---|
| HELEN A. DAVENPORT,<br><br>    *Plaintiff*,<br><br>v.<br><br>GPI RESORT HOLDINGS, LLC,<br>OMNI GROVE PARK, LLC, and<br>OMNI HOTELS MANAGEMENT<br>CORPORATION,<br><br>    *Defendant.* | **DEFENDANTS' NOTICE<br>OF REMOVAL** |

Defendants GPI Resort Holdings, LLC, Omni Grove Park, LLC, and Omni Hotels Management Corporation (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files its Notice of Removal of this action to the U.S. District Court for the Western District of North Carolina.

## INTRODUCTION

1. The plaintiff, Helen A. Davenport ("Plaintiff"), initiated this action on September 29, 2023, by filing a Complaint in the Buncombe County Superior Court. The state court action was assigned civil action number 23-CVS-03903.

2. In her Complaint, Plaintiff alleges she sustained personal injuries on October 7, 2020, after she tripped and fell on a walkway outside Defendants' property known as The Omni Grove Park Inn. (Compl. ¶¶ 8-9.)

# GROUNDS FOR REMOVAL

I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

    A.    <u>Removal is timely and the amount in controversy exceeds $75,000.</u>

    3.    Removal is timely pursuant to 28 U.S.C. 1446(b) because Defendants' Notice of Removal is made within thirty (30) days of service of the Summons and Complaint upon it. Defendants were served with the Complaint on October 4, 2023.

    4.    The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

    5.    The Complaint fails to demand a sum Plaintiff is seeking beyond the $25,000 sum contemplated by North Carolina Rule of Civil Procedure 8(a)(2). (Compl. ¶¶ 17-19(a).) However, pursuant to 28 U.S.C. §1446 (c)(2)(A), Defendants state the amount in controversy exceeds the sum of $75,000 as Plaintiff has alleged that as a result of the incident she sustained personal injuries including "sustained serious and painful injuries to her person, forcing her to incur expenses for obtaining of medical treatment for her injuries, disrupting the Plaintiff s lifestyle, causing the Plaintiff to suffer pain and mental anguish, causing the Plaintiff to sustain injuries which are permanent and disfiguring in nature". (Compl. ¶ 17.)

6. In North Carolina, plaintiffs are prohibited from pleading an exact amount of claimed damages, and thus, a determination of the amount in controversy is not possible from the face of the complaint. *See Lawson v. Tyco Elecs. Corp.*, 286 F. Supp. 2d 639, 641 (M.D.N.C. 2003) (citing N.C. Gen. Stat. § 1A-1, Rule 8(a)(2)). In cases where jurisdiction is predicated on diversity of citizenship, and where a complaint does not allege a specific amount of damages but instead seeks damages "in excess" of a certain dollar figure, the party asserting that jurisdiction exists must prove, by a preponderance of the evidence, that the amount in controversy requirement has been met. *Momin v. Maggiemoo's Int'l L.L.C.*, 205 F. Supp. 2d 506, 509 (D. Md. 2002); *Gynn v. Wal-mart Stores*, 955 F. Supp. 44, 46 (M.D.N.C. 1996). The Court should infer from Plaintiff's purported damages, including her alleged permanent injury and disfigurement, that she is seeking recovery in an amount in excess of this Court's jurisdictional minimum.[1] *See e.g., Lamb v. Delgado*, 2023 U.S. Dist. LEXIS 151601, *7 (W.D.N.C. Aug. 28, 2023) ("Given the serious and permanent nature of the injuries alleged, the Court concludes that these assertions alone support a finding that the jurisdictional amount has been satisfied."); *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 65 (D.R.I. 2002) ("The fact that

---

[1] In the alternative, Defendants request leave to conduct limited jurisdictional discovery with respect to damages so that it may demonstrate the amount in controversy is satisfied. *Liesman v. Weisberg*, No. 3:17-CV-00660-MOC-DSC, 2018 U.S. Dist. LEXIS 33122, at *1-2 (W.D.N.C. Mar. 1, 2018) (permitting "limited jurisdictional discovery . . . confined to the issue of the amount in controversy").

Gabrielle and Rollins each allege that they are still disabled almost two years after the incident and that their disabilities will continue indefinitely into the future weighs heavily in favor of a finding that the Complaints demonstrate that the amount in controversy reasonably exceeds $ 75,000.00."); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig*., 692 F. Supp. 2d 1025, 1040 (S.D. Ill. 2010) ("Given the severe and ongoing nature of the injuries alleged, the Court finds that it is plausible and supported by the preponderance of the evidence that the amount in controversy has been established."); *Duchesne v. Am. Airlines, Inc.,* 758 F.2d 27, 28-30 (1st Cir. 1985) (holding that ten months of dizziness and headaches supported claim in excess of $ 10,000 in 1984 dollars despite "negligible" medical expenses); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064-65 (11th Cir. 2010) (concluding that when the value of the plaintiff's claims were analyzed with judicial experience and common sense, the amount in controversy likely exceeded the $75,000); *Carr v. Halloway*, Civil Action No. 5:09-cv-327 (HL), 2010 U.S. Dist. LEXIS 104878, at *8-9 (M.D. Ga. Oct. 1, 2010) (finding that, based on the Court's judicial experience and common sense, the plaintiff's claim likely would result in a pain and suffering award that would bring Plaintiff's case in excess of 75,000.00 even though plaintiff did not assign dollar figures to the amount of his claimed damages for pain and suffering); *Gebbia v. Wal-Mart Stores, Inc.,* 233 F. 3d 880, 882 (5th Cir. 2000) (internal citations omitted) (holding that the amount in controversy was facially

apparent from the pleadings where the plaintiff sought damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, as well as permanent disability and disfigurement). In sum, Plaintiff's allegations in her Complaint make clear that her claim for damages satisfies the jurisdictional requirements of 28 U.S.C. § 1332(a).

7. Further, Plaintiff made a pre-suit demand of $500,000 to settle her claims, as reflected in the letter dated March 28, 2023, a true and accurate copy of which is attached hereto as "**Exhibit A**".[2] This settlement demand demonstrates that the amount in controversy is satisfied. *See Burnette v. Red Roof Inns, Inc.,* 2020 U.S. Dist. LEXIS 23283, *6 (W.D.N.C. Feb. 11, 2020) (finding amount in controversy

---

[2] Federal Rule of Evidence 408 does not bar consideration of settlement demands and offers for purposes of determining whether the amount in controversy is met. *See, e.g., Wood v. Gen. Dynamics Advanced Info. Sys.,* 2009 U.S. Dist. LEXIS 51517, *8 (M.D.N.C. June 17, 2009) ("It is amply clear that the Court may consider evidence outside the complaint in order to determine the amount in controversy, such as affidavits and demand letters."); *Messier v. Ace Am. Ins. Co.*, No. 12-cv-892-JD, 2013 U.S. Dist. LEXIS 138475, at *3 (D.R.I. Sep. 25, 2013) ("'Even though settlement offers are inadmissible to prove liability under Rule 408 of the Federal Rules of Evidence, they are admissible to show that the amount in controversy for jurisdictional purposes' has not been met. *Carroll v. Stryker Corp.*, 658 F.3d 675, 682 n.2 (7th Cir. 2011); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.3 (9th Cir. 2002) ('We reject the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy.')"); *Vermande v. Hyundai Motor Am., Inc.*, 352 F. Supp. 2d 195, 202 (D. Conn. 2004); *Molina v. Lexmark Int'l, Inc.*, No. CV 08-04796 MMM (FMx), 2008 U.S. Dist. LEXIS 83014, at *42-44 (C.D. Cal. Sep. 30, 2008) (citing cases); *Citizens Dev. Corp., Inc. v. Cty. of San Diego*, No. 12CV0334-GPC(KSC), 2019 U.S. Dist. LEXIS 5713, at * 23-24, 2019 WL 172469, at *8 (S.D. Cal. Jan. 11, 2019); *Henrikson v. Travelers Home & Marine Ins. Co.*, 2018 U.S. Dist. LEXIS 138909, at *4, 2018 WL 3873583, at *2 (M.D. Ala. Aug. 15, 2018); *Moser v. Realty Income Corp.*, No. 118CV01965TWPDML, 2018 U.S. Dist. LEXIS 201874, at *5, 2018 WL 6241379, at *2 (S.D. Ind. Nov. 29, 2018); *M-Rail Constr., Inc. v. A&K R.R. Materials, Inc.*, 2017 U.S. Dist. LEXIS 12706, at *7-8, 2017 WL 414382, at *3 (M.D.N.C. Jan. 31, 2017); *Shughart v. Sens*, 2016 U.S. Dist. LEXIS 179460, at *6, 2016 WL 7449526, at *2 (D. Kan. Dec. 28, 2016).

satisfied based on the plaintiff's counsel's demand letter); *Lamb*, 2023 U.S. Dist. LEXIS 151601, *7 ("The Plaintiffs' pre-suit demand to the Defendant's insurance company for full policy limits further demonstrates that the amount in controversy is satisfied here."); *Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64, 74-75 (D.D.C. 2014) (noting that "other federal courts of appeals have found that a plaintiff's settlement demand can be used as evidence of the amount in controversy so long as it reflects a 'reasonable estimate' of the plaintiff's claim'").

B. <u>There is complete diversity among the parties</u>.

1. Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Plaintiff was and still is a resident, citizen and domicile of Gwinnett County, Georgia. (Compl. ¶ 1.)

2. For purposes of diversity of citizenship, "[i]t is now well settled that a limited liability company is 'an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members.'" *Cty. of Durham v. Time Warner Entm't Advance Newhouse P'ship*, No. 1:08CV225, 2008 WL 4287943, 2008 U.S. Dist. LEXIS 70759, at *9 (M.D.N.C. Sep. 16, 2008) (citations omitted). At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, defendant GPI Resort Holdings, LLC was a limited liability company with one member: Omni Grove Park, LLC.

3. "[A]s with partnerships, where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)). At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Omni Grove Park, LLC was a limited liability company with one member: OHO Corporation.

4. For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. §1332 (c)(1). At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, OHO Corporation and Omni Hotels Management Corporation were and still are Delaware corporations with their principal place of business in Dallas, Texas. Thus, at all relevant times hereto, GPI Resort Holdings, LLC, Omni Grove Park, LLC, and Omni Hotels Management Corporation were citizens of the States of Delaware and Texas for purposes of determining diversity.

5. Accordingly, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, there was and still is complete diversity among the parties, and removal is proper under 28 U.S.C. §§

1332 and 1441(b).

C. <u>Venue and other requirements are satisfied.</u>

6. This Court has jurisdiction of this action by reason of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). Venue for removal is proper in this District and Division, *see* 28 U.S.C. § 1441(a), because this District and Division embraces Buncombe County Superior Court, the forum in which the removed action was pending. *See* 28 U.S.C. § 113(c). Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. §1441(a).

7. Defendants are not a citizen of the State of North Carolina, the state where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

8. All defendants who have been properly joined and served join in and consent to the removal of this action.

9. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served upon Defendants in the original state court action as of this date are attached hereto as "**Exhibit B**".

10. Pursuant to 28 U.S.C. § 1446(d), Defendants filed a written notice of removal with the Clerk of the Buncombe County Superior Court, where this action was pending, a copy (without exhibits) of which is attached hereto as "**Exhibit C**". A copy of this Notice of Removal is being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

11. By filing this Notice of Removal, Defendants do not waive any defenses, including without limitation, failure to state a claim, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

12. If any question arises regarding the propriety of the removal of this action, Defendants respectfully request the opportunity to present a memorandum and oral argument in support of the position that this case is removable and conduct discovery related to the facts that support removal.

WHEREFORE, Defendants respectfully removes this action to the United States District Court for the Western District of North Carolina, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This the 12th day of October 2023.

**VAN WINKLE, BUCK, WALL,**
**STARNES AND DAVIS, PA**

*/s/ Stephen B. Williamson*
Stephen B. Williamson, NC Bar #20203
Van Winkle, Buck, Wall, Starnes and Davis
11 N. Market St., Asheville, NC 28801
Telephone: (828) 258-2991
Facsimile: (828) 255-0255
Email: swilliamson@vwlawfirm.com

C. Stephen Setliff (*pro hac application to follow*)
Eli Jason S. Mackey (*pro hac application to follow*)
SETLIFF LAW, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
Telephone: (804) 377-1260
Facsimile: (804) 377-1280
Email: ssetliff@setlifflaw.com
jmackey@setlifflaw.com
*Counsel for Omni Hotels Management Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October 2023, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing upon all parties of record to this cause by electronic notification (NEF) to the CM/ECF participating attorneys. To the extent the attorneys for the parties are not yet participating in the CM/ECF system, the foregoing document was duly served by mailing a copy to the following attorneys of record not yet participating in the CM/ECF system, in accordance with the provisions of Rule 5, Federal Rules of Civil Procedure:

Andrew F. Carson (NC Bar No. 44280)
872 S. Pleasantburg Drive
Greenville, SC 29607
Telephone: (864) 233-8888
Facsimile: (864) 233-8889
Email: Andrew@theclardylawfirm.com
*Attorney for Plaintiff*

*/s/ Stephen B. Williamson*
Stephen Williamson